UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFRED SOLER,

                                  Petitioner,

    -against-

UNITED STATES OF AMERICA,

                                  Respondent.

10 Civ. 04342 (RJH) (MHD)
05 Cr. 00165 (RJH)

**MEMORANDUM OPINION AND ORDER**

---

Richard J. Holwell, District Judge:

      Before the Court are *pro se* petitioner Alfred Soler's objection to **[13]** and motion for reconsideration of **[15]** Magistrate Judge Michael H. Dolinger's October 15, 2010 order denying Soler leave to amend his 28 U.S.C. § 2255 petition under Rule 15 to add a claim for "actual innocence." Judge Dolinger found that Soler's proposed amendment was (1) untimely; and (2) not rescued from its untimeliness either by relating back to the date of the original petition, or by stating a credible claim of actual innocence. Though unclear, Soler's objection seems to contend that Judge Dolinger misunderstood his underlying motion and that that motion merely requested Judge Dolinger to take judicial notice of certain facts relevant to his habeas petition. His motion for reconsideration then clarifies that Soler was, in fact, making a motion to amend to add a claim for actual innocence. Because Judge Dolinger's order is neither clearly erroneous nor contrary to law, and because any supposed misunderstanding was harmless, Soler's objection and motion for reconsideration are DENIED in their entirety and Judge Dolinger's Obtober 15, 2010 order is AFFIRMED.

## I. BACKGROUND

On October 19, 2007, a jury found petitioner Alfred Soler guilty of Murder in the Course of a Drug Conspiracy, Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire, and Using and Carrying a Firearm During a Drug Conspiracy. (05-cr-00165-RJH-2, ECF docket entry of Oct. 19, 2007.)  This Court then sentenced Soler to life imprisonment on June 5, 2008. (Judgement in S2-05-Cr-165-02 at 2.)  On April 28, 2009, the Second Circuit affirmed the conviction. *United States v. Custodios*, 325 Fed. Appx. 19 (2d Cir. 2009).

Soler brought his Section 2255 petition on April 26, 2010, alleging several violations of his right to effective assistance of counsel. (Pet'r's Mot. Of Aprl. 26, 2010 ("2255 Mot.") at 2-3.)[1]  On September 14, 2010, Soler moved to amend his petition by adding a claim of "actual innocence."  The thrust of Soler's proposed actual innocence claim was that one government witness stated under cross-examination at trial that he had not seen Soler point or shoot a firearm at the time of the incident. (Pet'r's Mot. to Amend at 2-4.)  Soler argued this amendment should have been allowed under Rule 15(c) because it "relates back" to the date of his original petition. (*Id*. at 4.)  On October 8, 2010, the Government filed its memorandum in opposition to Soler's motion to amend. (Resp't's Opp'n of Oct. 8, 2010 at 7.)  Thereafter, the Government filed papers in

---

[1] Including that trial counsel refused to allow Soler to testify on his own behalf; that counsel failed to object to personal and subject-matter jurisdiction; that counsel failed to give Soler an opportunity to review the Presentence Report; that counsel denied Soler his right to confrontation; that counsel failed to object to "an unconstitutional jury instruction"; that counsel failed to assert a statute of limitations defense; that counsel failed to investigate certain "exculpatory information"; and that appellate counsel failed to object to the trial court's personal and subject-matter jurisdiction. (2255 Mot. at 2-3.)

opposition to Soler's petition on November 23, 2010.  (Resp't's Opp'n of Nov. 23, 2010 at 68.)

On October 15, 2010, Magistrate Judge Dolinger issued a memorandum and order denying Soler's proposed amendment.  Preliminarily, Judge Dolinger noted the "arcane" question whether, considering that no responsive pleading is automatically required by the filing of a habeas petition, Soler had the unconditional right under Fed. R. Civ. P. 15(a)(1)(B) to amend his complaint at any time before a responsive pleading was actually filed.  *Soler v. United States*, No. 10 Civ. 4342 (RJH) (MHD), 2010 WL 4456343, at *2 (S.D.N.Y. Oct. 18, 2010).  Judge Dolinger, however, found it unnecessary to decide that issue because even if Soler could amend as of right, such amendment would be subject to dismissal under Rule 12(b)(6) for the same reason it would be futile under Rule 15(a)(2).  *Id*.

Judge Dolinger then found, on the merits, that the proposed claim of "actual innocence" was time-barred because it was filed more than a year after Soler's conviction became final.  *Id*., at *3.  Judge Dolinger also found that Soler's proposed amendment did not "relate back" to the time of his original filing, and was thus not rescued from the statute of limitations under Rule 15(c).  *Id*.  Finally, Judge Dolinger found that the proposed claim of actual innocence was not otherwise excused from the statute of limitations because it was not credible.  *Id*. at *4.  Because the claim was untimely and no reason existed for excusing that untimeliness, Judge Dolinger denied the motion to amend.

On October 29, 2010, Soler filed his first response to Judge Dolinger's order.  The paper is titled an "Objection" and is described as the same in multiple instances in the

3

filing; but Soler also asks this Court to "either entertain this as a timely reconsideration motion, or in the alternative as a Notice of Appeal . . . [and] prays that this matter be reconsidered." (Pet'r's Objection at 1, 2.)  Though Soler's argument is unclear, the Court understands it as contending that Judge Dolinger misread his prior motion as one to amend his pleading when Soler's actual intention in that motion was for Judge Dolinger to take judicial notice under Federal Rule of Evidence 201(d) of the facts presented therein.  (*Id*. at 2, 4-5.)  Then on November 29, 2010, Soler filed his second response to Judge Dolinger's order.  This paper is titled a "Motion for Reconsideration Pursuant to [Fed. R. Civ. P.] 59(e)" (Pet'r's Reconsideration Mot. at 1); but the Court understands it as brought pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A) which allow a district judge to reconsider the magistrate judge's ruling on a pretrial matter.  The filing first notifies the Court, unequivocally, that Soler's amendment motion was intended to add a claim of actual innocence to his habeas petition. (Pet'r's Reconsideration Mot. at 5 ("Petitioner fully adopts the theory that his claim constitutes an actual innocence claim."); 6 ("[Petitioner] argues that the allegations contained in the petition . . . were sufficient to alert the district judge to consider actual innocence.").)  It then explains that actual innocence claims are excused from habeas statutes of limitations, (*id*., at 8-9), and provides several pages analyzing Soler's actual innocence claims.  (*See generally id.* at 8-14).

## II.  DISCUSSION

### A.  Standard of Review

Soler brings two motions; an objection to Judge Dolinger's denial of leave to amend his complaint and a motion for reconsideration of that denial.  The standard of review for both, however, is the same.  A district court will modify or set aside any part of the magistrate judge's order that it finds "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The reviewing court must be "left with the definite and firm conviction that a mistake has been committed," and the magistrate judge's order "may be overturned only if found to have been an abuse of discretion."  *Beckles v. City of New York*, No. 08 Civ. 3687 (RJH) (JCF), 2010 WL 1841714, at *2 (S.D.N.Y. May 10, 2010).

### B.  Judge Dolinger Did Not Err in Denying Soler's Motion to Amend

It is well-settled that the Federal Rules of Civil Procedure, and specifically Rule 15 governing amendments of pleadings, apply to habeas petitions.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)[(4)], and Habeas Corpus R. 11).  Rule 15(a)(1) grants the movant the right to amend a pleading once as a matter of course within either twenty-one days after filing the original pleading or twenty-one days after service of a responsive pleading or Rule 12(b), (e), or (f) motion.  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2), on the other hand, allows amendment only with the consent of the opposing party or of the district court.  Fed. R. Civ. P. 15(a)(2).  In habeas situations, "[b]efore a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.*, without seeking court leave."  *Mayle*, 545 U.S. at 655.

Even so, however, when "the statute of limitations has expired, Rule 15 dictates that amendments are only to be granted if they 'relate back [under Fed. R. Civ. P. 15(c)] to the date of the original proceeding.'" *Nieves-Andino v. Conway*, No. 08 Civ. 5887 (NRB), 2010 WL 1685970, at *7 (S.D.N.Y. Apr. 20, 2010) (citing *Mayle*, 545 U.S. at 655); *see also Veal v. United States*, Nos. 01 Civ. 8033 (SCR), 97 Cr. 544 (SCR), 04 Civ. 5122 (MBM), 2007 WL 3146925, at *4 (S.D.N.Y. Oct. 09, 2007) (Robinson, J.) ("An amendment to a 28 U.S.C. § 2255 petition filed after the expiration of the statute of limitations is barred unless it 'relates back' to the original petition.") (citing *Mayle*, 545 U.S. at 655).

The statute of limitations relevant to Soler's section 2255 claim was one year from the final judgment of his conviction. 28 U.S.C. § 2255(f)(1). An appealed criminal conviction becomes final ninety days after the appellate court's affirmation of the verdict if the accused does not seek further review from the Supreme Court. SUP. CT. R. 13(1); *Clay v. United States*, 537 U.S. 522, 525-26 (2003). Soler's conviction thus became final on July 27, 2009, ninety days after the Second Circuit affirmed it on April 28 of that year. *See Custodios*, 325 Fed. Appx. at 19. Soler filed his 2255 petition on April 26, 2010, well within the limitations period. His amendment motion, however, was filed on September 14, 2010, almost two months after July 27, 2010, the date the statute of limitations ran. Thus Judge Dolinger correctly concluded that Soler's proposed actual innocence claim was time barred unless that amendment "related back" under Rule 15(c) to the date of the original petition or was otherwise spared from the statute of limitations. *Soler*, 2010 WL 4456343 at *2.

An amendment can relate back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). A proposed amendment arises out of the same conduct, transaction, or occurrence as an original section 2255 petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle*, 545 U.S. at 657 (2005); *see also Slayton v. American Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (a proposed amendment relates back only when arising out of the same factual conduct forming the basis of the original pleading); 3 Moore, et al., Moore's Federal Practice § 15.19[2], 15-86 (3d ed. 2005) (amendments relate back when "based on the same facts as the original pleading and only chang[ing] the legal theory," or when stating the original pleading's facts with greater specificity). Because Soler's actual innocence claim was not based on any of "the purported inadequacies of Soler's trial attorney and . . . [instead] concern[ed] the adequacy of proof of his guilt on the firearms charge," Judge Dolinger correctly found that the proposed amendment was based on different facts and events than the ineffective assistance of counsel claims and therefore that it did not relate back under Rule 15(c). *Soler*, 2010 WL 4456434, at *3.

Relation back under Rule 15(c) is not satisfied merely because proposed claims concern the same trial, or the same events presented or occurring therein, as existing claims. *Mayle*, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simple because they relate to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance."). Here, Soler's actual

7

innocence claim "asserts a new ground for relief supported by facts that differ in both time and type," from a claim of ineffective assistance of counsel. *Billie v. Warden*, No. 3:01cv745 (DJS), 2010 WL 3021517, at *5 (D. Conn. July 29, 2010); *see also Sua v. Tilton*, No. 07cv1338-JM (BLM), 2010 WL 4569917, at *6 (S.D. Cal. Aug. 04, 2010). Indeed even an ineffective assistance of counsel claim, when alleging a different ground for ineffective assistance, does not relate back to an earlier ineffective assistance claim. *Billie*, 2010 WL 3021517, at *5 (ineffective assistance claims regarding failure to adequately present evidence or prepare witnesses not related to claim regarding review of the Presentence Report); *see also Veal*, 2007 WL 3146925, at *2, *5. Thus even if the Court were to construe Soler's actual innocence argument as, in fact, asserting another ineffective assistance of counsel claim—that being counsel's purported failure to properly examine a certain witness who testified to not seeing Soler actually fire any gun—the claim would still not relate back to the original petition's myriad ineffective assistance claims. Instead, courts find relation back only when underlying claims are the same, *see Player v. Artus*, No. 06-CV-2764 (JG), 2008 WL 324246, at *1, *2 (E.D.N.Y. Feb. 06, 2008) (five claims that counsel was ineffective regarding the court's jury charges and prosecutorial misconduct related to five amendments for the same claims regarding different jury charges and instances of prosecutorial misconduct); when facts and legal theories are intertwined, *see Jaynes v. Grant*, No. 03-11582-JLT, 2010 WL 4181241, at *2 (D. Mass. Oct. 19, 2010) (claim that counsel did not move to suppress evidence from search of petitioner's car related to claim that counsel did not move to suppress evidence from search of petitioner's house when warrant for latter was based on search of former); or when one theory clarifies and supplements the other. *See Murray v. Booker*, No 2:08-

8

CV-10781, 2009 WL 415711, at *2 (E.D. Mich. Feb. 19, 2009) (claim that insufficient evidence existed that petitioner assaulted victim related to claim that insufficient evidence existed that petitioner assaulted victim with intent to kill).

Finally, Judge Dolinger correctly found that Soler's amendment was not excused from the statute of limitations because his proposed claim for actual innocence was simply not credible. *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) ("[D]istrict courts faced with untimely petitions in which the petitioner asserts his or her actual innocence [must] determine, in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling."). To establish an actual innocence claim, the petitioner must (1) present new evidence; (2) that the court finds credible; and (3) from which the court concludes, considering all the evidence, that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 162. Soler's actual innocence claim thus fails for multiple reasons. First, it presents no new evidence and instead just highlights a small portion of defense counsel's cross examination of one of the government's trial witnesses. (Pet'r's Mot. to Amend at 2.) *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (an actual innocence claim requires "*new reliable evidence*-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-*that was not presented at trial*") (emphasis added). Second, considering (1) that a unanimous jury did, in fact, convict Soler of the crimes charged after hearing and considering the weight of all the evidence including that portion highlighted by Soler; and (2) that the Second Circuit affirmed the conviction finding the evidence sufficient to establish guilt on all charges, *Custodios*, 325 Fed. Appx. at 22-23, it cannot be reasonably

9

argued that *no* reasonable juror faced with the highlighted evidence could have found Soler guilty.  Thus Soler's proposed amendment did not present a credible claim of actual innocence, and Judge Dolinger did not err in failing to excuse the amendment from the statute of limitations on that ground.

### C. Any Misunderstanding Of The Intention Of Soler's Motion Was Harmless

Soler finally argues that Judge Dolinger misunderstood his motion.  Soler contends that though Judge Dolinger considered and ruled on the motion as a motion to amend pleadings, the motion Soler actually intended to bring was one to have Judge Doligner take judicial notice under Federal Rule of Evidence 201(d) of the facts therein presented.  (Pet'r's Objection at 2.)  This argument goes nowhere.

Preliminarily, there is no reasonable basis to understand Soler's amendment motion as one asking the Court to do anything other than grant him leave to amend his pleading.  The motion is entitled "AMENDMENT MOTION PURSUANT TO CIVIL RULE 15 (C)".  (Pet'r's Mot. to Amend at 1.)  The motion mentions Rule 15(c) several times, discusses relation back analysis under that Rule, and explains that Soler should be allowed to assert his actual innocence claim despite the statute of limitations.  (*See generally id.*)  Only in its final line does the motion make any reference to judicial notice, stating:  "Petitioner prays that this honorable court grant the relief being requested and that this court take judicial notice of the adjudicative facts."  (*Id*. at 4-5.)  Considering the substance of the motion, however, the relief requested seems to have been leave to amend pleadings.

But should Soler actually have been requesting that Judge Dolinger take judicial notice of the "adjudicative facts" (presumably the witness's admission that he did not see Soler raise and fire a gun), Soler's motion would still be futile. Federal Rule of Evidence 201(d) requires that a court take judicial notice of a fact "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact judicially noticeable is one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Though unclear, if Soler was asking Judge Dolinger to take judicial notice of the fact that a certain witness made a certain statement at trial, such a motion would be unnecessary. In reviewing a prisoner's section 2255 petition, a court reviews, *inter alia*, all the files and records of the case. *See* 28 U.S.C. § 2255(b). Thus the testimony in question is already under Judge Dolinger's review. If instead Soler was asking Judge Dolinger to take judicial notice either that Soler did not raise or fire any firearm or that Soler is "actually innocent" of the crime for which he is currently serving time, Soler's motion still fails, First, those "facts" are subject to reasonable dispute. And second, those "facts" cannot be accurately and readily determined based merely on Soler's statement of them. Thus even if Soler was really moving for Judge Dolinger to take judicial notice of any of the possible relevant "facts," such a motion would still be denied.

## III. CONCLUSION

For the reasons stated above, petitioner's objection [13] and motion for reconsideration [15] are DENIED.

SO ORDERED

Dated: New York, New York
       December 20, 2010

_____
Richard J. Holwell
United States District Judge